IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JULIO AVILA-SANABRIA,<br><br>　　　　Petitioner,<br><br><br><br>　　　　vs.<br><br><br><br>UNITED STATES OF AMERICA,<br><br>　　　　Respondent. | ORDER DENYING MOTION FOR TIME REDUCTION UNDER 28 U.S.C. § 2255<br><br><br><br><br><br>Case No. 2:07-CV-00383 PGC |

　　　　Without providing any factual basis for his request, federal inmate Julio Avila-Sanabria now moves the court for a time reduction under 28 U.S.C. § 2255 [#1]. Assuming, however, that he alleges ineffective assistance of counsel for his attorney's failure to request a downward departure at sentencing, the court hereby DENIES his motion for two reasons. First, Mr. Avila-Sanabria waived his right to collaterally challenge his sentence through his plea agreement, and he makes no allegation of ineffective assistance regarding the plea or waiver themselves. Second, the facts and applicable case law show that his attorney was not ineffective for omitting to request a downward departure because Mr. Avila-Sanabria, as a deportable alien, was not eligible for one in the first place.

### DISCUSSION

*(A) Plea Agreement Waiver of Right to Bring § 2255 Motion*

Generally, under 28 U.S.C. § 2255, prisoners held in federal custody "may move the court which imposed the sentence to vacate, set aside or correct the sentence" on the basis that the sentence violates the Constitution or other federal law.[1] In his plea agreement, however, Mr. Avila-Sanabria "knowingly, voluntarily and expressly waive[d] [his] right to challenge [his] sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under Title 28, United States Code, Section 2255, except on the basis of ineffective assistance of counsel."[2] And as the Tenth Circuit held in *United States v. Cockerham*, such waivers are generally enforceable with the narrow exception of claims of ineffective assistance which challenge the validity of the plea or waiver themselves.[3]

Here, then, in the complete absence of any indication that Mr. Avila-Sanabria alleges ineffective assistance specifically regarding his plea or waiver, the court finds that he waived his right to bring the § 2255 motion at bar. To hold otherwise would enable Mr. Avila-Sanabria — who already received a recommendation for several downward departures in exchange for his cooperation with his plea agreement and sentencing — to effectively deprive the government of the benefit of its bargain.

---

[1] 28 U.S.C. § 2255.

[2] Def.'s Statement in Advance of Plea 4 (Docket No. 14).

[3] 237 F.3d 1179, 1181, 1187 (10th Cir. 2001).

*(B)  Ineligibility for Downward Departure Due to Deportable Status*

Even assuming that Mr. Avila-Sanabria had not waived his right to bring the § 2255 petition at issue here, the facts and relevant case law show that his attorney was not ineffective for omitting to request a downward departure because Mr. Avila-Sanabria, as a deportable alien, did not qualify for one to begin with.

The reasoning of several circuit court decisions supports this conclusion.  In *United States v. Garay*, for example, a defendant alien was convicted for unlawfully reentering the United States after his deportation.[4]  On appeal, he argued for a downward departure from the sentencing guidelines based upon his deportable-alien status.[5]  In rejecting his request, however, the Fifth Circuit held that alienage is not a valid ground for departure because the Sentencing Commission necessarily considered deportable-alien status in formulating the guidelines.[6]

Additionally, in *United States v. Macedo*, the Seventh Circuit vacated a district court sentence which improperly granted a defendant a one-point downward departure based on the more "onerous" confinement conditions caused by his deportable-alien status.[7]  The defendant had based his request for a downward departure on his loss of certain "end-of-sentence modifications," such as the ability to serve any time in a halfway house or a minimum security facility.[8]  In reaching its decision, the Circuit first referenced the general rule that "'the

---

[4] 235 F.3d 230, 231 (5th Cir. 2000).

[5] *Id.* at 232.

[6] *Id.* at 234.

[7] 406 F.3d 778, 794-95 (7th Cir. 2005).

[8] *Id.* at 794.

defendant's status as a deportable alien is relevant only insofar as it may lead to conditions of confinement, or other incidents of punishment, that are *substantially more onerous* than the framers of the guidelines contemplated in fixing the punishment range for the defendant's offense.'"[9]  Then, the Circuit reaffirmed its application of this principle in a similar case, observing that "downward departures based solely on an alien's loss of 'end-of-sentence modifications,' such as halfway house placement, 'cannot be viewed as a term of imprisonment substantially more onerous than the guidelines contemplated in fixing a punishment for a crime.'"[10]  To rule otherwise, the Circuit reasoned, "would amount to a *per se* downward departure for any deportable alien, which standing alone, is an impermissible basis for granting a downward departure."[11]

      Here, as in *Garay* and *Macedo*, Mr. Avila-Sanabria requests a downward departure based solely on the fact that his deportable-alien status disqualifies him from certain end-of-sentence modifications.  He in no way argues, however, that the Sentencing Commission failed to account for his status when setting the offense level for 8 U.S.C. § 1326, the statute that makes reentering the United States after deportation a crime.  At the same time, he fails to allege any reason whatsoever for why his status-related inability to serve his time in a minimum security facility or a community correction center has rendered his confinement conditions "substantially more onerous" than those intended by the framers of the guidelines.

---

[9] *Id.* (quoting *United States v. Guzman*, 236 F.3d 830, 834 (7th Cir. 2001)).

[10] *Id.* (quoting *United States v. Meza-Urtado*, 351 F.3d 301, 305 (7th Cir. 2003)) (internal quotations omitted).

[11] *Id.* at 795 (citing *United States v. Gallo-Vasquez*, 284 F.3d 780, 785 n.3 (7th Cir. 2002)).

Accordingly, any ineffective assistance claim Mr. Avila-Sanabria may have regarding his attorney's failure to request a downward departure at sentencing is also invalid due to Mr. Avila-Sanabria's status as a deported alien.

## CONCLUSION

The court finds no factual basis in support of Mr. Avila-Sanabria's § 2255 petition. Assuming, however, that he alleges ineffective assistance regarding his attorney's failure to request a downward departure at sentencing, the court hereby DENIES his motion [#1]. First, Mr. Avila-Sanabria waived his right to bring such a collateral challenge. Second, as a deportable alien, he was not eligible for a downward departure in the first instance. And finally, the 1995 Attorney General memorandum which Mr. Avila-Sanabria references has been superceded by the "fast track" program now in place.

DATED this 11th day of September, 2007.

BY THE COURT:

_____
Paul G. Cassell
United States District Judge